IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ROD HIGGINS, et al, ) <br> ) <br> Defendant(s). ) <br> _____ ) | No. C 07-3922 VRW (PR) <br><br> ORDER OF DISMISSAL <br> WITH LEAVE TO AMEND |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 USC § 1983 claiming deliberate indifference to his serious medical needs.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

B.   <u>Legal Claims</u>

Plaintiff alleges that PBSP officials have been deliberately indifferent to his serious medical needs by denying him prescribed medication and treatment. Plaintiff names more than a dozen defendants and attaches numerous exhibits, but alleges virtually no facts in his complaint as to how each named defendant was deliberately indifferent to his serious medical needs.

In order to state a § 1983 claim against individual defendants, a plaintiff must allege specific facts showing how each individual defendant actually and proximately caused the deprivation of a federally protected right. <u>Leer v Murphy</u>, 844 F2d 628, 634 (9th Cir 1988). In order to state a § 1983 claim for deliberate indifference to serious medical needs against individual defendants, plaintiff must allege specific facts showing that each defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. <u>Farmer v Brennan</u>, 511 US 825, 837 (1994). Allegations of medical malpractice or negligence will not do. <u>Toguchi v Chung</u>, 391 F3d 1051, 1060-61 (9th Cir 2004). Nor will a mere difference of opinion between a prisoner-patient and prison medical authorities regarding treatment. <u>Franklin v Oregon</u>, 662 F2d 1337, 1344 (9th Cir 1981).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order

2

1 | and the words FIRST AMENDED COMPLAINT on the first page.  Failure to
2 | file a proper amended complaint within the designated time will result in the
3 | dismissal of this action.
4 |     Plaintiff is advised that the amended complaint will supersede the original
5 | complaint and all other pleadings.  Claims and defendants not included in the
6 | amended complaint will not be considered by the court.  See <u>King v Atiyeh</u>, 814
7 | F2d 565, 567 (9th Cir 1987).
8 |     SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Brissette, T1.or1.wpd           3